**PACYGA**
TRIAL LAWYERS

612-339-5844   |   860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121   |   MNTrialLaw.com

June 19, 2026

The Honorable Paul Scoggin
Hennepin County District Court
300 South Sixth Street
Minneapolis, MN 55487

Re:     State v. Gregory Morgan Jr.
        Court File No. 27-CR-269656

Dear Judge Scoggin:

Enclosed please find a Motion to Compel. I write to inform the Court of the status of discovery in this matter and provide background information necessary to the motion. To date, we have received no orders governing discovery.

The State filed a complaint seeking nationwide warrant on April 16, 2026, approximately two months after the incident date. A warrant issued same day. As the Court is aware, Mr. Morgan, the State, this Court, and others made great efforts to effect Mr. Morgan's negotiated safe return to Minnesota for booking and initial appearance. This process took some time, and was accomplished in close coordination with the Hennepin County Attorney's Office, who agreed among other things, to quash the nationwide warrant in order to allow air travel. As you know, the initial appearance was scheduled for May 22, 2026, in consultation with the Court and counsel. Mr. Morgan appeared as scheduled and was booked without issue.

At the initial appearance, I made a record that we were seeking discovery; the prosecution had indicated to me earlier that discovery was forthcoming. I informed the Court and counsel on the record that Mr. Morgan had a 30 day clock to file the federal petition and that I would need to have that discovery so we could make the proper pleading and for this case. The prosecution failed to indicate to me at that hearing, or at any time, that it had already had *ex parte* communications with the Court about discovery.

The first batch of discovery was received May 27, 2026.[1] In review, we observed heavy redactions. The discovery was completely scrubbed of any information identifying

---

[1] To assist in the Court's understanding of the issues, I have shared copies of the disclosure logs provided by the prosecution as attachments to this letter. Disclosure Log 1 was generated on May 27 2026; disclosure log 2 was generated on June 11 2026. Disclosure logs are helpful to get a big picture of what was disclosed, it is not a complete picture because, for example there are zip files, but those contain additional material as you drill into these files.

**PACYGA**
TRIAL LAWYERS

612-339-5844   |   860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121   |   MNTrialLaw.com

information for alleged Victim 1 and alleged Victim 2. That includes their names, contact information, addresses, their statements/voice/audio from cell videos, images, Cadillac vehicle plate/vin, and other information vital to preparing a defense in the case.
We also came to learn that two days *before* the first appearance, directly after I filed my certificate of representation along with the demand for discovery, the prosecution filed *ex parte* several items including Index 5, prosecutor certificate of non disclosure, Index 6 affidavit of Joshua Larson, Index 7 sealed order with respect to prosecutor certificate, Index 8 order with respect to prosecutor certificate.[2]  I was surprised because, in the face of extensive coordination with the defense, and knowing full well that Mr. Morgan has no criminal history and was making efforts in coordination with the prosecution to return to Minnesota for the first appearance, the prosecution failed inform me at any time that it would be seeking any sort of *ex parte* process to withhold discovery on the case, much less that the prosecution had any concerns rising to the level of seeking an order.

On June 5, 2026 I wrote the prosecution regarding these matters, and asked for full discovery, the authority by which the State redacted the discovery and engaged in *ex parte* communications, and for any protective orders governing the redactions. A copy is attached for convenience. To date, the prosecution has not formally responded.
On June 9, 2026 in a phone call with prosecutors Kunz and Larson, the State represented their view that Minn. R. Crim. P. 9.01, subd. 3(2) and *State v. Hathaway*, 379 N.W.2d 498 (1985) permit an *ex parte* process and its certificate. They further explained that the State's basis for withholding alleged Victim 1 and alleged Victim 2's information was these witness's concern for "being outed" and having a "concern about their privacy." I offered to agree to a routine protective order, which we frequently use in federal and state court cases that carry legitimate safety or other concerns for protecting confidential information, but the prosecution would not commit to that. Even after additional inquiry, the prosecution has remained silent with no commitment to a protective order. Neither rule 9.01, subd. 3(2) or *Hathaway* support an *ex parte* process, and *Hathaway* cuts against the prosecution's case. *Hathaway* requires that if a prosecutor is to pursue relief under rule 9.01, subd. 3(2) it must make a record made with evidence of physical harm or coercion to a witness (such as police reports reflecting threats of violence and intimidation attempts against these witnesses, evidence that a defendant had a prior felony record of convictions for personal violence, injury, use of weapons). There is none of that here.

In this case, we are unaware of any legitimate safety concerns, or any legitimate concerns regarding potential witness tampering or coercion. There is nothing in the police reports and discovery to indicate any of that. To the contrary, this is a case involving a federal law enforcement officer, with no criminal history, who's demonstrated his willingness to cooperate with these proceedings, including subjecting himself to

---

[2] One of these may be a proposed order.

conditions of release (including no contact, and waiver of extradition) rather than posting unconditional bail. The State itself worked closely with counsel and the court to quash the nationwide warrant and allow Mr. Morgan to schedule a court appearance. Withholding information from the defense in this case is damaging and antithetical to the ends of justice.

With all due respect to these proceedings, the prosecution appears to be positioning Mr. Morgan's case as part of the Hennepin County Attorney's apparent political battle with the current Administration. Early evidence of that was revealed by prosecutors in the first appearance, by advocating conditions tailored to address the State's perceptions about the federal government rather than any specific concern about Mr. Morgan:

```
        The federal government, at the same time, has refused
    and obstructed to aid the State of Minnesota in its
    investigation.  We are concerned that the federal government
    will reassign defendant to another state or otherwise prevent
    the State of Minnesota from seeking justice in this case.  A
```

HENNEPIN COUNTY DISTRICT COURT

First App. Tr. at 7 ll 21-25.

What's additionally concerning is that the State was well aware that the defense had an approaching deadline to file a Petition to Remove to federal court, and that said Petition requires the Defendant to make a prima facie showing to survive a summary rejection of that Petition and remand to state court. The State did not produce the recordings, and they only produced redacted transcripts *after* we filed our Petition, and then took the position in their opposition memorandum that the Defendant had not made enough of a factual showing, with supporting documentation, to survive a summary rejection of that Petition. In other words, the State's concealment of the information jeopardized the Defendant's chances of surviving the federal Judge's initial review of the Petition, despite knowing how critical it is for the defense to make an initial showing in the Petition. Sure enough, when we did receive a redacted transcript from the State, there was even more to the story including helpful facts to the defense.

This is not a gang case with a history of witness intimidation or violence. This is not a cartel case. Gregory Morgan Jr has no history of violence. This is a case where a driver and their passenger have alleged that he pointed a firearm at them after the driver



612-339-5844   |   860 Blue Gentian Rd, Suite 175   |   St. Paul, MN 55121   |   MNTrialLaw.com

admits to some intentional conduct directed at Mr. Morgan. One month from now, on July 20, 2026, there will be an evidentiary hearing in Federal Court. The purpose of that hearing is for the Federal court to determine whether the case stays in Federal Court or not. That hearing will be of great consequence to the parties. Complete, unredacted discovery is necessary for our ability to prepare for and to present a complete and accurate case to the federal court. Time is of the essence, we have tried on our own to work through these issues without Court intervention but we can no longer wait or be ignored. We are asking this Court to step in promptly because I do not feel it is safe to wait until the June 29, 2026 Omnibus hearing.

We hope the Court appreciates our position and we are asking for prompt relief.

Respectfully,

Ryan Pacyga
**Pacyga Trial Lawyers**

cc:     Morgan Kunz
        Client
Enclosure

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

Court File No.: 27-CR-26-9656

State of Minnesota,

                 Plaintiff,                    **DEFENDANT'S NOTICE OF**
v.                                                       **MOTION AND MOTION**
                                                          **TO COMPEL DISCOVERY**

Gregory Morgan Jr,

                Defendant.

To:    The Honorable Presiding Judge, and the State of Minnesota, by and through its prosecuting attorney, Morgan Kunz.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that at a date and time to be scheduled, or as soon thereafter as he may be heard, Counsel for Defendant will move the Court for entry of an Order disclosing the four documents detailed below.

## FACTS

The day after the first appearance in this matter, May 21, 2026, four documents were filed with the Court under seal. See Index #5-#8. Those documents are titled:

      Index #5: Other Document;
      Index #6: Affidavit of Attorney;
      Index #7: Proposed Order or Document; and

Index #8: Proposed Order or Document.

One of defense counsel's staff contacted court administration asking for service of those documents. Court staff said that the documents were under a seal ordered by the Court and that an Order would need to be issued for those documents to be released to defense counsel.

The facts are more fully stated in the cover letter to the Court that is being filed with this Motion.

## MOTION

**DEFENDANT HEREBY MOVES,** pursuant to the applicable Rules of Criminal Procedure, and the United States and Minnesota Constitutions, for an order:

1. Releasing the documents detailed above to defense counsel.

2. For all other relief the Court deems appropriate.

## LAW AND ARGUMENT

Defense counsel is left with the impression that these documents were filed by the State. There does not appear to be any other party who may have filed these documents under seal to the Court and then receive a Court order prohibiting their disclosures.

## Non-disclosure of witness information

Again, due to the sealed documents, the defense is not certain but presumes the documents relate to the redacted discovery received in this case that is without identifying information related to the complaining witnesses.

While the State may request non-disclosure of witness information, that request requires a certificate to be filed with the showing that disclosure would endanger the integrity of the investigation or subject witnesses or other persons to physical harm or coercion. Minn. R. Crim. P. 9.01, subd. 3(2). The defense has not received any such certificate.

Not only has the defense not received any certificate, it has not had an opportunity to be heard, nor has the defense received a ruling from the Court making the required showing. See State v. Hathaway, 379 N.W.2d 498, 506 (Minn. 1985) ("We hold that in future cases the trial court, upon certification by the prosecutor, make a record of the evidence presented by the prosecutor and the court's determination of its sufficiency before Rule 9.01, subdivision 3(2), is applied.").

If the State wishes to keep information from the defense, it needs to seek that relief from the Court, and it needs to do so publicly. And more importantly, Mr. Morgan has a right to be heard on the issue.

We do not even believe that a protective order is necessary or appropriate in this matter, but even if any alleged danger the State may purport exists, it can easily be remedied through protective orders, as is done in so many cases. See Minn. R. Crim. P. 9.03, subd. 5.

This is not a case where the State seeks to keep a confidential informant's

identity private because that person was conducting undercover work and completing controlled buys from dangerous drug dealers. It is not a gang, cartel or murder case. It does not involve a Defendant with a prior history of violence. Here, the State is seeking to withhold all identifying information about the two complaining witnesses in this case, as well as audio recordings, and other evidentiary information.

As stated in more detail in our cover letter to this Court, this case requires disclosure, and Mr. Morgan should be afforded the opportunity to be heard on the issue. Time is of the essence, as a Federal evidentiary hearing is being **scheduled for July 20, 2026**. The defense has made numerous efforts to work with the State to obtain this information, but we cannot wait any longer.

Respectfully submitted,

Dated: June 19, 2026                **PACYGA TRIAL LAWYERS**

By:     **/s/ Ryan M. Pacyga**
          Ryan M. Pacyga (#321576)
          860 Blue Gentian Road, Suite 175
          St. Paul, MN 55121
          (612) 339-5844
          *Attorneys for Defendant*



# Disclosure Log

Generated by: Kimberley Flores
Generated on: May 27, 2026 10:26 AM

## Case Info

| | | |
|---|---|---|
| Court Number | Police Number | Accused |
| 27-CR-26-9656 | 26A01457 | Morgan Jr., Gregory Donnell |
| Shared To | | Shared Type |
| Pam Lanska | | Partner Share |

### 11 Items sent

| Title | File Type | Date Sent |
|---|---|---|
| 26401115 Schneider, S. Agents' interviews 2026-02-06 1300.mp4 | video | May 27, 2026 10:15 AM |
| 26401115 Schneider, S. 260205 1621 E62-35W GPI 26401115.zip | compressed | May 27, 2026 10:14 AM |
| Field-26401115.pdf | document | May 27, 2026 10:12 AM |
| Morgan, Gregory 26A01457 (Transcript-911 Call)_REDACTED.pdf | document | May 27, 2026 10:12 AM |
| Schneider, S. Photos (3).zip | compressed | May 27, 2026 10:12 AM |
| ChargingInstrument_5160923.pdf | document | May 27, 2026 10:12 AM |
| Rules 7&9 New- Discoverable.pdf | document | May 27, 2026 10:12 AM |
| AXON LPR T081PW.pdf | document | May 27, 2026 10:12 AM |
| 26401115 Query Data.pdf | document | May 27, 2026 10:12 AM |
| 26401115 combined reports__ ---REDACTED.pdf | document | May 27, 2026 10:12 AM |
| CAD_REDACTED.pdf | document | May 27, 2026 10:12 AM |



## Disclosure Log

Generated by: Kimberley Flores
Generated on: Jun 11, 2026 2:16 PM

## Case Info

| Court Number | Police Number | Accused |
|---|---|---|
| 27-CR-26-9656 | 26A01457 | Morgan Jr., Gregory Donnell |

| Shared To | Shared Type |
|---|---|
| Pam Lanska | Partner Share |

### 7 Items sent

| Title | File Type | Date Sent |
|---|---|---|
| 26401115 Micek, E. 260205 1621 E62-35W GPI 26401115.zip | compressed | Jun 11, 2026 2:15 PM |
| Morgan, Gregory 26A01457 (Transcript-Initial Call with Victim 1) - REDACTED.pdf | document | Jun 11, 2026 2:14 PM |
| Morgan, Gregory 26A01457 (Transcript-Gun Pointing Incident 1624).pdf | document | Jun 11, 2026 2:14 PM |
| 26401115 Schneider, S. KOPS alert.pdf | document | Jun 11, 2026 2:14 PM |
| Morgan, Gregory 26A01457 (Transcript-Followup Call with Victim 1) - REDACTED.pdf | document | Jun 11, 2026 2:14 PM |
| 26401115 Micek, E. Flock_Safety_Search_Image _Results_2-6-2026_2-57-36PM.zip | compressed | Jun 11, 2026 2:14 PM |
| Morgan, Gregory 26A01457 (Transcript-Gun Pointing Incident 1622).pdf | document | Jun 11, 2026 2:14 PM |

State of Minnes
6/5/2026 2:22

**PACYGA**
TRIAL LAWYERS

612-339-5844  |  860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121  |  MNTrialLaw.com

June 5, 2026

Morgan D. Kunz
Senior Assistant Hennepin County Attorney
300 S 6th St
Minneapolis, MN 55487

**Re:** State of Minnesota v. Gregory Donnell Morgan Jr.; Court File No. 27-CR-26-9656
— Defense Request for Unredacted Discovery and Disclosure of Sealed Documents
(Index #5–#8)

Dear Mr. Kunz:

I write on behalf of Gregory Donnell Morgan Jr. in the above-captioned matter. On May
20, 2026, my office filed my certificate of representation and served and filed a
discovery demand on the State pursuant to Minnesota Rule of Criminal Procedure 9.01.

The State has thus far provided heavily redacted discovery, excising discovery
concerning witness and other persons having information relating to the case. Minn. R.
Crim. P. 9.01, subd. 1(1)(a), (b).

**Please immediately identify in writing the authority by which the State redacted
such information.**

In addition to that, a review of the court file reveals that on May 21, 2026, the day after
defense counsel served its discovery demand, the State filed documents that are
currently sealed and inaccessible to the defense. Those entries appear on the docket as
follows: Index #5 (Other Document); Index #6 (Affidavit of Attorney); Index #7
(Proposed Order or Document); and Index #8 (Proposed Order or Document). These
documents appear to have been filed *ex parte* as defense counsel has not received
copies of any of these filings, nor received any notice of their submission.

This court record suggests that the State presented these submissions to the court and
may have sought judicial relief without notifying the defense and allowing any
opportunity to be heard. *Ex parte* communications with a judge are prohibited unless
specifically authorized. *See* Minn. R. Prof. Cond. 3.5(g).

**Please immediately identify the authority by which the State engaged in *ex parte*
communication with the Court.**

State of Minnes
6/5/2026 2:22



**PACYGA**
TRIAL LAWYERS

612-339-5844  |  860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121  |  MNTrialLaw.com

In addition to that, to extent the State is withholding witness information and discovery concerning any other person with information relating to the case raises serious constitutional concerns under *Brady v. Maryland*, 373 U.S. 83 (1963) ("The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). *See also* Minn. R. Prof. Cond. 3.8(d) (prosecutor has special duty to make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal).

**Mr. Morgan demands prompt *Brady* disclosures.**

## DISCOVERY DEMAND

Mr. Morgan demands the following disclosures: provide complete, unredacted copies of all discovery; provide copies of Index #5, Index #6, Index #7, and Index #8, including all supporting materials submitted to the court in connection with those filings, along with any other *ex parte* communications with the Court concerning this case and/or any of those filings. If the State contends that any of these materials are subject to a protective order or otherwise exempt from disclosure to defense counsel, provide a copy of that order and/or authority. Mr. Morgan demands all *Brady* material be disclosed immediately.

Sincerely,


**Ryan Pacyga**
Pacyga Trial Lawyers