**PACYGA**
TRIAL LAWYERS

612-339-5844    |    860 Blue Gentian Rd, Suite 175   |   St. Paul, MN 55121   |   MNTrialLaw.com

June 25, 2026

The Honorable Nancy E. Brasel
United States District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

**Re:    State v. Gregory Donnell Morgan, Jr., Case No. 0:26-cr-00112-NEB
        Update Regarding State Court Discovery Dispute**

Dear Judge Brasel:

I am in receipt of the Court's text only Order (Doc. 16). I write to update Your Honor on the state court discovery dispute I brought to your attention by letter dated June 19, 2026. As I previously reported, the Hennepin County Attorney's Office obtained an *ex parte* order from the Hennepin County District Court limiting discovery. We have received discovery materials that contain redactions. I am writing now because the situation has not improved — it has been confirmed and defended by the County Attorney's office — and the July 20, 2026 evidentiary hearing before this Court is now 25 days away.

To date, we have not been given a copy of the order, a prosecution certificate (Minn. R. Crim. P. 9.01, subd. 3(2)), or the affidavit in support of the certificate. In my years of practice, this is unprecedented and presents a distinct problem in that, in addition to hampering defense preparation, we are unable to ascertain, for example, something as basic as whether the scope of the redactions complies with the mystery order the state is relying upon.

Today, June 25, 2026, the Hennepin County Attorney's Office filed a letter brief with Judge Scoggin opposing the defense's motion to compel. Rather than working cooperatively with the defense to produce the withheld information — or agreeing to a routine protective order, which I offered[1] — the State has doubled down on its position. The State contends that it properly proceeded *ex parte*, that the defense has no right to participate in or second-guess the Court's sealed order, and that unredacted discovery will only be produced "two to four weeks before trial" in state court. The State further dismisses the defense's need for this information for the federal removal hearing, claiming that the defense has failed to explain why the identities of the alleged victims are relevant to the federal proceedings. A copy of the State's letter brief is attached for Your Honor's reference.

---

[1] I do not believe a protective order is even necessary or appropriate, but I would stipulate to that in the interim so we can conduct a proper investigation.



612-339-5844   |   860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121   |   MNTrialLaw.com

The State's position is untenable and is causing concrete, ongoing prejudice to the defense's ability to prepare for the July 20 evidentiary hearing. The identifying details of the two alleged victims including their names, dates of birth, contact information, and identifying vehicle information are essential to the defense investigation. And while the County Attorney's office has produced transcripts of two cell phone videos taken by the alleged victims, the County Attorney's office has completely redacted the audio portion of those recordings and has not offered any reason or justification in doing so.

In its opposition memorandum to our Petition to Remove, the State took great pains to point out that the defense has not made the requisite showing for removal, and it surely will make those same arguments after the evidentiary hearing. Yet they continue to conceal critical information from the defense. We do not have to take the State's assertions of the intent of the alleged victims at face value or operate in the dark about who they are and whether they are credible. This is not a case involving organized crime, gang violence, or any documented history of witness intimidation. Mr. Morgan is a federal law enforcement officer with no criminal history who voluntarily returned to Minnesota for booking and has fully complied with his conditions of release. The State's rationale for the sealed order, as relayed to defense counsel, is the witnesses' concern about "being outed" and a general privacy interest — concerns that a standard protective order would fully address if the Court believes that is necessary and proper. Even more, the identities of complaining witnesses and alleged victims are made available to the defense day in and day out in both state and federal courts across the nation, and their identities are also matters of public record as the United States values public and transparent court processes.

The State's proposal to produce unredacted discovery two to four weeks before a state court trial does nothing to address the defense's needs in this federal proceeding. The evidentiary hearing on the removal question is scheduled for July 20, 2026 — not a state court trial date that would typically be 6-12 months away. Every day that passes without this discovery narrows the window for meaningful investigation and hearing preparation.

I am writing to keep Your Honor fully informed as promised, and to flag that if the Hennepin County District Court does not promptly order disclosure of the withheld information, I intend to seek appropriate relief from this Court. We have an Omnibus hearing (Minn. R. Crim. P. 11) in Hennepin County this coming Monday. I will continue to keep Your Honor apprised of developments and am available to address this matter at the Court's convenience.

Even if we are able to resolve any discovery disputes, I do believe a status hearing and/or Order on discovery issues would be helpful. The Court could communicate the ground rules for the evidentiary hearing and put the parties on notice as to its expectations, as well as address any concerns that either party has in advance so we can minimize any unexpected delays or other problems. I will continue to attempt to confer with the State's counsel and work out a solution, but given the timing of these



612-339-5844   |   860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121   |   MNTrialLaw.com

matters and lack of progress I am trying to identify and head off any problems in advance so we can all do our best at the evidentiary hearing.

Sincerely,


**Ryan Pacyga**
Pacyga Trial Lawyers