

**OFFICE OF THE HENNEPIN COUNTY ATTORNEY**
**MARY F. MORIARTY** COUNTY ATTORNEY

The Honorable Paul R. Scoggin
Hennepin County Government Center
300 South Sixth Street
Minneapolis, MN  55487

      Re: ***State v. Gregory Donnell Morgan, Jr.***
      State's Letter Brief Regarding Defense's Effort to Obtain Prosecutor's Certificate Paperwork
      MNCIS No.:  27-CR-26-9656, C.A. File No.:  26A01457

Dear Judge Scoggin:

I am writing regarding the defense's letter and motion to compel disclosure of the prosecutor's certificate in this case.  The State filed the prosecutor's certificate on May 21, 2026, a day before the First Appearance, and the Court reviewed and effectuated it by sealed order on May 22, 2026.  The State has proceeded with the discovery process in this case consistent with Minn. R. Crim. P. 9.01 and the Court's order.  Some disclosures, *e.g.*, the production of witness transcripts, take time to generate before they can be produced and disclosed in a form compliant with the Court's order, but the State has continued providing discovery, as recently as this week, as that discovery has become available and when it can be provided in a form that complies with the Court's order.  In the midst of this ongoing discovery process, however, on June 19, 2026, the defense moved to compel disclosure of the *paperwork* associated with the prosecutor's certificate (MNCIS Index Items #5-8), claiming that the defense is entitled to inspect these documents and be heard on whether the State has made an adequate showing under Minn. R. Crim. P. 9.01, subd. 3(2).

The defendant's motion is deficient for several reasons. First, the State withheld certain witness information under Minn. R. Crim. P. 9.01, subd. 3(2) only after obtaining the Court's permission, consistent with the process envisioned in *State v. Hathaway*, 379 N.W.2d 498 (Minn. 1985), and consistent with common practice in Hennepin County District Court.  The defense contends (without citation) that it should have been heard on the State's request.  But permitting the defense to participate in a hearing on whether the State has provided an adequate showing to warrant a prosecutor's certificate would negate the purpose of protecting from disclosure information that "may endanger the integrity of a continuing investigation or subject witnesses or other persons to physical harm or coercion."  Minn R. Crim. P. 9.01, subd. 3(2).  Indeed, discussion of circumstances warranting a certificate may reveal the very endangering information the Rule was adopted to safeguard.  Of course, now that the Court has ruled, any discussion of the basis for its ruling risks referring to contents in the sealed order.

The defense also argues that the State has failed to "make a record with evidence" that satisfies the requirements under Rule 9.01, subd. 3(2) and *Hathaway*.  Ltr. at 2.  This assumes too much.  It does not follow from the fact that the defense was correctly precluded from participating in the State's request under Rule 9.01, subd. 3(2) that the Court lacked the necessary factual basis to enter its order.  Under *Hathaway*, the Court was permitted to act on the prosecutor's certificate only after it "determine[d]"

the "sufficiency" of the "evidence" submitted by the State merited application of Rule 9.01, subd. 3(2). *See* 397 N.W. 2d at 506. The defense points to no authority that would permit it to second guess that determination.

It is a common practice in cases in which similar protective discovery orders are in place to provide unredacted discovery to defense counsel under an amended order later in the pendency of the case, typically two to four weeks before trial. Absent unexpected intervening events, the State anticipates agreeing to such a process in this case. As of today, however, such an agreement is premature. And despite the defense's conclusory claim that the redacted witness information is "necessary" to prepare for a hearing on whether this case should be removed to federal court, Ltr. at 4, the defense explains neither why it needs the information it seeks for a removal hearing nor how that hearing in federal court bears on the State's obligations in state court.

In sum, the State properly sought a protective order under Minn. R. Crim. P. 9.01, subd. 3(2); the Court properly issued the order; the State is providing discovery in an appropriate, ethical, and timely manner consistent with a case of this complexity and significance; the State strongly opposes the notion that the State's actions in obtaining the Court's order violated any rule or right; and the State renews its acknowledgement that defense counsel will receive all unredacted discovery later in the pendency of this case, at a point which balances the State's legitimate interests and the defendant's rights. The State respectfully asks the Court to deny the defense motion in its entirety.

Respectfully submitted,

MARY F. MORIARTY
Hennepin County Attorney

By: Joshua Larson

Joshua R. Larson (#0038828)
Senior Assistant Hennepin County Attorney
A-1600 Government Center
Dated: June 25, 2026
Minneapolis, MN 55487
Telephone: (612) 348–8952

2