**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| STATE OF MINNESOTA,<br><br>        v.<br><br>GREGORY DONNELL MORGAN, JR.,<br><br>        *Defendant.* | No. 26-CR-112 (NEB) |

**STATE OF MINNESOTA'S REMOVAL PREHEARING BRIEF**

The Court has scheduled an evidentiary hearing for July 20, 2026, ECF No. 14, on defendant Gregory Morgan's notice seeking to remove his Minnesota state-court prosecution to federal court, ECF No. 1, which the State of Minnesota ("the State") has opposed, ECF No. 8. Following a prehearing status conference on July 13, the Court ordered the parties to file prehearing briefs. ECF No. 25. This prehearing brief discusses the jurisdictional nature of removal hearings, evidentiary issues (including the permissible forms of evidence for a removal hearing and the availability and need for victim testimony at such a hearing), and the parties' anticipated evidence.

## I.   REMOVAL IS A JURISDICTIONAL DETERMINATION WITH STREAMLINED PROCEDURES

The defendant asks this Court to remove this case under 18 U.S.C. § 1442(a), which provides for the removal of state prosecutions to federal court under certain circumstances. Section 1442(a) is a "pure jurisdictional statute" that enables a district court to exercise federal-question jurisdiction over a state court prosecution. *Mesa v. California*, 489 U.S. 121, 137 (1989). When a federal-officer defendant seeks to remove a state court prosecution to federal court under Section 1442(a), the procedures governing that removal notice are designed to ensure a prompt

determination of whether the case belongs in state or federal court. *See* 28 U.S.C. § 1455(a) (directing the federal-officer defendant to file a "*short and plain statement* of the grounds for removal") (emphasis added); *id.* § 1455(b)(1) (requiring the defendant to file a removal notice "not later than 30 days after" the state court arraignment); *id.* § 1455(b)(4) (directing the district court to examine the removal notice "promptly," and permitting the court to order "summary remand" to state court if the notice is facially deficient); *id.* at § 1455(b)(5) (directing a district court that does not summarily remand a case to state court to hold an evidentiary hearing "promptly"). These procedures therefore ensure that a federal district court can swiftly determine whether it has jurisdiction, and either remand the prosecution to state court or begin presiding over the state prosecution in federal court.

These principles—that a federal court deciding a removal issue is making a prompt jurisdictional determination—should govern the format and scheduling of an evidentiary hearing on removal. A defendant seeking removal bears the burden of establishing, by a preponderance of the evidence, that removal is appropriate. ECF No. 8 at 7 (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). Where, as here, a state contests the factual claims advanced in the defendant's removal notice, the defendant "must support [his] factual averments by competent proof." *Id.* at 8 (quoting *New York v. Trump*, 683 F. Supp. 3d 334, 343 (S.D.N.Y. 2023)). To determine whether the defendant has presented "competent proof," the Court is "entitled to evaluate the demeanor and presentation of witnesses, assess the credibility of testimony including [the defendant's], and weigh competing evidence." *Georgia v. Meadows*, 88 F. 4th 1331, 1348 (11th Cir. 2023). Making those determinations for purposes of deciding whether removal is appropriate should not transform an evidentiary hearing for jurisdictional purposes into a mini-trial.

## II.    EVIDENTIARY ISSUES

Consistent with the defendant's requirement at a removal hearing to adduce competent evidence in support of specific factual claims, the Court has directed the parties to address: (1) what counts as permissible evidence at a removal hearing, and (2) whether the defendant should have access to any particular witnesses, and specifically victim testimony.

### A.  Permissible removal evidence

Relatively few cases "discuss what evidence is to be considered at the statutorily mandated evidentiary hearing" provided for in 28 U.S.C. § 1455(b)(5).  *Georgia v. Clark*, No. 1:23-CV-03721, 2023 WL 7012663, at \*4 (N.D. Ga. Sept. 29, 2023), *aff'd*, 119 F.4th 1304 (11th Cir. 2024). Where material facts regarding removal are in dispute, parties typically introduce evidence at the removal hearing through exhibits and witness testimony, subject to objections and cross-examination.  *See, e.g.*, *Trump*, 683 F. Supp. 3d at 340–41 (describing evidentiary hearing that included live witness testimony and introduction of evidence, including bank records, invoices, and emails); Notice of Filing of Official Tr. of Evidentiary Hr'g, *Arizona v. Meadows*, No. 2:24-CV-02063, ECF No. 20 (D. Ariz. Sept. 12, 2024) (evidentiary hearing transcript including witness testimony and exhibits); Tr. of Evidentiary Proceedings, *Georgia v. Meadows*, No. 1:23-CV-3621, ECF No. 65 (N.D. Ga. Aug. 31, 2023) ("*Georgia v. Meadows* Transcript") (same).  Courts have also permitted the introduction of declarations or affidavits in lieu of, or in addition to, live witness testimony.  *See, e.g.*, *Georgia v. Meadows* Tr. at 156–59 (allowing introduction of declarations and stating that the court will "give [them] whatever weight is due, if any"); Tr. of Proceedings Held on 9/18/2023, *Georgia v. Clark*, No. 1:23-CV-03721, ECF No. 66 (N.D. Ga. Nov. 9, 2023) (evidentiary hearing that included declarations and affidavits).

3

But courts have generally not considered an affidavit or declaration from the defendant himself.  In *Georgia v. Meadows*, 692 F. Supp. 3d 1310 (N.D. Ga. 2023), for example, the court noted that the defendant "personally testified" at the removal hearing, *id.* at 1317, and distinguished a criminal trial, where a defendant "never has the obligation of presenting a defense or testifying," from a removal hearing, where the defendant bears "the burden of establishing subject matter jurisdiction."  *Id.* at 1317 n.4; *cf. Maryland v. Soper*, 270 U.S. 9, 34 (1926) (reasoning that a federal officer who seeks to remove his state prosecution to federal court "*abandons his right to refuse to testify . . .* at least to the extent of disclosing in his application for removal all the circumstances known to him out of which the prosecution arose") (emphasis added).  And in *Clark*, the court excluded a declaration submitted by a criminal defendant who did not testify at the removal hearing in that case, explaining that "even if [the court] were to consider [the defendant's] declaration[,] its weight would be slight given its clear self-interest and that it was not subject to cross-examination."  *Clark*, 2023 WL 7012663, at *5 n.11.  That same court nonetheless accepted other "declarations and affidavits submitted by third parties."  *Id*.

Those cases establish a paradigm that the Court should adopt here.  If the defendant intends to provide evidence in support of his removal notice, that evidence should come in the form of live testimony.  If he instead seeks to submit an affidavit, the Court should give it little to no weight.  *See id*.  Other witnesses can, but need not, appear in person.  A party may instead opt to submit affidavits, declarations, or other documentary evidence, with the opposing party of course entitled to argue that the Court should weigh such evidence differently in the absence of live testimony and the opportunity for cross examination.  That approach provides an efficient and equitable way for the parties to submit expert evidence pertaining to policing and the use of force.  And it balances

4

the need to decide removal on an appropriately developed factual record with the equally important need for prompt judicial determination of a jurisdictional issue.

### B. Relevance of Victim Testimony

A central issue at the prehearing status conference was the availability of and need for victim testimony.

Since the hearing, the State has learned that Victims 1 and 2 will not be available for the July 20 hearing. In a letter to attorneys for the State and the defendant dated July 14, 2026, John Marti, the Victims' counsel, explained that the Victims planned travel more than six months ago that involves leaving shortly and returning after the scheduled hearing date. The letter notes that the Victims will therefore be unable to attend the scheduled hearing in light of their longstanding commitment.

The Victims' unavailability on July 20 is not, however, a basis to continue the removal evidentiary hearing. First, and as the State explained at the prehearing status conference, the Victims' testimony is not necessary to determine whether the defendant has met his burden on removal. It bears no relevance to whether the defendant was acting under color of his office or whether, pursuant to a Supremacy Clause immunity defense, his actions were authorized by federal law; federal statute, regulation, and policy well define the nature and scope of the defendant's federal authority as an Immigration and Customs Enforcement (ICE) agent.

The Victims' testimony is also far from critical for the defendant to show whether, under a Supremacy Clause immunity defense, he did no more than was "necessary and proper" in the performance of a federal duty—particularly given that the defendant must show a colorable federal defense but need not prove it at the removal stage. *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). The subjective component of the "necessary and proper" test calls for the defendant's

own beliefs at the time of the incident, to which the defendant may testify. And the test's objective component, which evaluates whether the defendant officer "had an objectively reasonable and well-founded basis to believe that his actions were necessary to fulfill his duties," *Wyoming v. Livingston*, 443 F.3d 1211, 1222 (10th Cir. 2006), similarly does not turn on the Victims' testimony. Such an inquiry—assessing whether the basis for the defendant's belief was objectively reasonable—is naturally based on facts known or reasonably perceived at the time of the incident, to which the defendant may also testify. Indeed, "Supremacy Clause immunity cases require courts to evaluate the circumstances as they appear to federal officers at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Id.* at 1229. *See also Idaho v. Horiuchi*, 253 F.3d 359, 370 (9th Cir.) (describing what "a reasonable officer in [the defendant's] position" would have believed based on facts known to the defendant at the time), *vacated as moot*, 266 F.3d 979 (9th Cir. 2001); *cf. Graham v. Connor*, 490 U.S. 386, 397 (1989) (holding that the objective reasonableness of an officer's use of force is evaluated "in light of the facts and circumstances confronting" the officer at the time).

Second, the defendant possesses—and has possessed for several months—relevant statements the Victims made in connection with the incident that forms the basis for the criminal charges in this case. Specifically, the defendant has a transcript and recording of the 911 call the Victims made as the incident was unfolding, a transcript and recording of an interview of the Victims conducted by the Minnesota State Police a day after the incident, and follow-up calls with a Victim. Those statements are either contemporaneous with, or made shortly after, the events giving rise to the charged criminal conduct, and the Victims made those statements before the involvement of state prosecutors. The statements, which the State has attached as Ex. A, capture

6

the Victims' reactions to and accounts of the incident in their own words and thus provide the defendant with a more than adequate factual record for purposes of removal.[*]

Third, and relatedly, subjecting the Victims to live testimony would risk transforming what should be a streamlined jurisdictional hearing into a mini-trial. Under the defendant's view—at least as expressed in the prehearing status conference—nearly every witness expected to testify at trial should also have to testify in the removal evidentiary hearing. But that approach is at odds with the procedures set forth in 28 U.S.C. § 1455 to ensure that jurisdictional removal determinations occur promptly and do not involve a full dress rehearsal for the later criminal trial. In addition, and as the State explained at the prehearing status conference, it does not intend to call the Victims at the removal hearing. If the defendant calls the Victims as his witnesses, the State would be in a position of cross-examining witnesses that it would later sponsor as direct witnesses at trial, whether in state or federal court. The State is unaware of any precedent for such an unorthodox procedure.

Finally, to the extent the defendant argues that he is entitled to additional information about the Victims, the State has provided all discovery in their possession and control to the defendant and his attorneys. To the extent the defendant seeks additional discovery–such as information from DOJ or additional investigation by their team–none of that information is within State's possession or control. Moreover, the State is aware of no authority for discovery in connection with a removal hearing. The relevant removal statutes, 28 U.S.C. §§ 1442 and 1455, are silent on discovery. Similarly, nothing in the Federal Rules of Criminal Procedure, which govern federal criminal proceedings, applies to a removal hearing, which is a proceeding to determine whether a

---

[*] All exhibits attached to this brief adhere to the State's practice in the Statement of Probable Cause, *see* ECF No. 2, by anonymizing or otherwise not disclosing the identity of individuals other than the defendant.

federal court has jurisdiction to preside over a state-court prosecution.  For instance, although some litigants have attempted to invoke Federal Rule of Criminal Procedure 26.2 to compel the production of relevant prior statements by witnesses who testify at removal hearings, that Rule does not apply to removal hearings on its own terms.  Federal Rule of Criminal Procedure 26.2(g) applies "at trial, at a suppression hearing, and to the extent specified in" the rules governing "preliminary hearing[s]," "detention hearing[s]," "sentencing," "hearing[s] to revoke or modify probation or supervised release," and certain federal habeas proceedings.  Evidentiary hearings on removal are *not* enumerated in that list.  Nor does any other rule cross-apply Rule 26.2 to removal hearings.  *Cf.* Fed. R. Crim. P. 12(i) (extending Rule 26.2 to suppression hearings).  Courts have thus denied motions seeking production of witness statements under Rule 26.2 in the context of removal proceedings.  *See, e.g.*, *Georgia. v. Meadows* Tr. at 181–82, 214–15.

### III.    THE PARTIES' ANTICIPATED EVIDENCE

To facilitate clarity at the upcoming evidentiary hearing, the State briefly addresses the parties' anticipated evidence, some of which was discussed at the prehearing status conference.  As the party bearing the burden, the defendant should present evidence first.  *See Georgia. v. Meadows* Tr. at 8.  He is entitled to removal only if he can establish that the charged conduct in this case was an act under color of his federal office and that he can assert a colorable federal defense.  *See* ECF No. 8 at 7 (setting out relevant removal standard); *see also id.* at 8 n.5 (noting that the State does not dispute that the defendant is a federal officer).  These inquiries necessarily focus on the defendant's federal authority and acts *at the time of the charged offense*.  The defendant may seek—whether through his testimony or other sources—to introduce evidence about the conditions on the ground in the Twin Cities during Operation Metro Surge in late 2025 and early 2026.  *See* ECF No. 1 at 2–9 (discussing events prior to the charged incident, including

weeks and months before).  But any such evidence would not be relevant to the removal question at issue, as it is both immaterial to whether the defendant acted under color of his federal office or pursuant to federal law and does not bear on whether the defendant asserts a colorable federal defense for the specific charged conduct.  *See* ECF No. 8 at 5.

The evidence that the State elects to present at the evidentiary hearing may depend, in part, on the evidence offered by the defendant.  In an effort to "minimize any unexpected delays or other problems," ECF No. 17 at 2 (Defendant's letter to the Court), the State identifies the following evidence it is likely introduce, all of which has already been provided to defense counsel: (1) transcripts of interviews of the defendant, the passenger in his vehicle, and, as noted above, the Victims (attached as Ex. A and B); (2) an affidavit from Dr. Ian Adams, a professor of criminology and criminal justice at the University of South Carolina, along with Dr. Adams's curriculum vitae (attached as Ex. C); (3) several videos (which can be provided to the Court in advance upon request); (4) maps, still images, and video clips showing the location of the incident; and (5) one or more policies applicable to ICE agents.  For at least some of this evidence, the State anticipates it will be able to reach agreement with the defendant to admit at the hearing.  Consistent with the practice in other removal hearings and as discussed above, the State intends to proffer this evidence without a witness.  *See Meadows*, 692 F. Supp.3d at 1317–18 (noting the admission of several exhibits, including two declarations, "through counsel"); *Clark*, 2023 WL 7012663, at *5 n.11.

### IV.    POST-HEARING PROCEEDINGS

The State will be prepared to provide argument following the evidentiary presentation at the hearing.  Consistent with the Court's indications during the prehearing status conference, the State is also prepared to file a post-hearing brief.  *See, e.g.*, *Meadows*, 692 F.Supp.3d at 1318 (noting that the court ordered post-hearing briefing).  The State also requests the opportunity to

file a response to the federal government's statement of interest, *see* ECF No. 26, and any other brief it may file after the hearing.

Dated: July 15, 2026

Respectfully Submitted,

MARY F. MORIARTY
Hennepin County Attorney

/s/ *Morgan D. Kunz*
MORGAN D. KUNZ
JOSHUA R. LARSON
HENNEPIN COUNTY ATTORNEY'S OFFICE
300 S. 6th St.
Minneapolis, MN 55487
(612) 348-5550
Morgan.Kunz@hennepin.us

/s/ *Julia Gegenheimer*
JULIA GEGENHEIMER* (D.C. Bar No. 90034692)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
   AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 661-6539
jg1370@georgetown.edu

/s/ *James I. Pearce*
JAMES I. PEARCE* (D.C. Bar No. 90042280)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
(202) 521-8750
jpearce@washingtonlitigationgroup.org

*Counsel for State of Minnesota*

* *Admitted pro hac vice*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, a true and accurate copy of the State of Minnesota's

Opposition to Defendant's Notice of Removal was filed electronically with the Court's CM/ECF

filing system, which will then send notification of such filing to the parties, including:


RYAN M. PACYGA
Ryan Pacyga Criminal Defense
860 Blue Gentian Road
Suite 175
Eagan, MN 55121
612-339-5844
ryan@arrestedmn.com

    *Attorney for Defendant*


This 15th day of July, 2026.


    /s/ *James I. Pearce*
JAMES I. PEARCE* (D.C. Bar No. 90042280)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
(202) 521-8750
jpearce@washingtonlitigationgroup.org

*\* Admitted pro hac vice*

11