**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STATE OF MINNESOTA, | Case No. 26-CR-112 (NEB) |
| Plaintiff, | |
| v. | ORDER CONTINUING EVIDENTIARY HEARING |
| GREGORY DONNELL MORGAN, JR., | |
| Defendant. | |

This matter is set for a July 20, 2026 evidentiary hearing on Defendant's notice of removal. The parties submitted pre-hearing briefs on July 15, 2026. Defendant's pre-hearing brief requests a continuance of the evidentiary hearing to ensure the availability of witnesses, including Defendant's ICE partner and the alleged victims in the case.[1]

The State opposes the continuance. In doing so, it makes three arguments. First, it notes that the relevant statute governing the Court's decision requires the district court to hold an evidentiary hearing "promptly." (ECF No. 29 at 2 (quoting 28 USC 1455(b)(5)).) Second, it offers its opinion that the witnesses Defendant seeks to call are not necessary for live testimony. (ECF No. 29 at 5.) Third, it expresses concern that the witness testimony "would risk transforming what should be a streamlined jurisdictional hearing into a mini-trial." (ECF No. 29 at 7.)

---

[1] The alleged victims are represented by counsel, who informed the Court of their unavailability on July 20, 2026 due to long-scheduled travel. (ECF No. 28.)

The Court is not persuaded by the State's arguments. First, the Court has endeavored to hold the hearing as promptly as possible and will continue to do so.[2] Second, it is not for the Court to determine which witnesses Defendant needs to call in-person to meet his burden under the statute. It does not seem unreasonable to the Court that Defendant call the witnesses to the alleged crimes, even in a streamlined jurisdictional inquiry. And the represented witnesses have satisfied the Court that they are unavailable on July 20 due to planned travel, rather than unwillingness to testify. Third, consistent with its duty, the Court is well able to ensure that the jurisdictional evidentiary hearing does not evolve into a mini-trial through control of questioning at the hearing.

The hearing set for July 20, 2026 is hereby CONTINUED. Court staff will contact the parties for rescheduling. Because the hearing is continued, the parties need not submit responses to the pre-hearing briefs. The State may respond to the federal government's statement of interest in its post-hearing briefing.

Dated: July 16, 2026                                    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

---

[2] The events in question took place in February 2026, the case was not charged until April 2026, and Defendant filed a notice of removal in June 2026. The Court ordered an evidentiary hearing less than one month ago. (ECF No. 14.)

2