**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CASE NO. 26-cr-112 (NEB)**

---

State of Minnesota,

                Plaintiff,

v.

Gregory Donnell Morgan, Jr.,

                Defendant.

**REPLY TO STATE'S**
**PRE-HEARING BRIEF**

---

Please accept this short reply to the State's Prehearing Brief, Doc. 29. We write to address areas of dispute.

We note that the state's Opposition memorandum (Doc. 8) attacks the *sufficiency* of the averments in Agent Morgan's removal petition, rather than attack the veracity of the averments. For example, throughout its opposition memorandum the state argues over and again that Agent Morgan's petition fell short of the necessary elements to satisfy federal jurisdiction. Doc. 8 at p. 10 (defendant makes no meaningful effort to explain how his conduct amounted to an act done under color of his office"), p. 13 (defendant does not assert a colorable federal defense" and "defendant cannot establish that he was acting under color of federal authority"), p. 14 ("defendant cannot plausibly claim that the charged conduct falls within the scope of that federal authority"), p. 15 ("defendant fails to

1

advance a colorable claim that he did no more than what was necessary and proper for him to do"). From the outset, the state has complained that "defendant declines to cite any sources or offer any affidavits declarations, or other factual support." Doc. 8 at 8. It further complained that defendant plead "extraneous factual claims with no real relevance to the questions before this court." Doc. 8 at 8. We have interpreted the state's arguments as sufficiency of pleading arguments rather than a substantive challenge to the averments.

Now the state claims, for the first time, in its prehearing brief, that material facts regarding the removal are in dispute. Doc. 29 at p. 2, 3. The reason that is important here is because it is suggesting that (a) "courts have generally not considered an affidavit or declaration from the defendant himself" (b) suggesting that Agent Morgan has little choice but to testify; (c) that the Court should give little or no weight to his affidavit, if Agent Morgan chose to submit one instead of testifying. Doc. 29 at 4. The state is incorrect in its assessments. In its brief at page 4, the state cites but ignores an important discussion in a seminal case, *Maryland v. Soper*, 279 U.S. 9, 22-25, 30, 32-34 (1926), which was a case where the removing party (federal prohibition officers) had moved *solely* on the averments in a removal petition (and later an amended petition which then included the state Indictment), *without* affidavits or declarations – just averments. In *Soper*, the district court removed on the basis of the petition alone. *Id*. at 22, 26. Ultimately, *Soper* determined the averments of these federal agents were "not sufficiently informing

2

and specific" to make a case for removal – however, *Soper* did <u>not</u> criticize these federal agents for not testifying personally in support of their petition or for failing to offer any other evidence beyond the averments and Indictment. In fact, the Supreme Court tacitly acknowledged that, had the factual recitation within the Petition made it more clear in the recitation that "whatever was done by them leading to the prosecution was done under color of their official duty" the case would have been properly removed. *Id.* at 35. "In order to justify so exceptional a procedure, the person seeking the benefit of it should be candid, specific and positive in explaining his relation to the transaction growing out of which he has been indicated, and in showing that his relation to hit was confined to his acts as an officer." *Id.* at 35.  In our case, in light of *Soper*, Agent Morgan argues that his Notice of Removal (Doc. 1) which included a copy of the state criminal complaint (Doc. 2), was sufficiently plead to merit removal outright even without an evidentiary hearing.

Another case illustrates this point. In *Willingham v. Morgan*, 395 U.S. 402 (1969), the civil defendants were a federal warden and chief medical officer a U.S. Penitentiary; they filed a petition for removal under 28 U.S.C. § 1442(a)(1) from state to federal district court, alleging sufficiently that anything they may have done to respondent was done and made by them in the course of their duties and offices of the United States of America under color of office.  *See* 395 U.S. 402, 403-404. The federal district court judge denied respondent's motion to remand,

accepting jurisdiction on the pleading with their averments alone. *Id*. On appeal, the Tenth Circuit found an insufficient basis for the district court's refusal to remand and, therefore, reversed. *Id*. at 404. The case was then appealed to the United States Supreme Court, which reversed the Tenth Circuit, concluding that the court of appeals "erred" when it held that petitioners had not adequately demonstrated a right to have their case heard in federal court. *Id*. at 410. In other words, the petition was sufficiently plead – on the averments alone – to get federal jurisdiction from the start. *See Id*.

*Willingham* explained the federal officer removal statute is not "narrow" or "limited. *Id*. at 406. "At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Id*. at 406-407. "[T]he right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally been brought in a federal court. Federal jurisdiction rests on a 'federal interest in the matter,[.]" *Id*. at 406.

Importantly, in reaching its decision that the district court correct in accepting jurisdiction on the pleading, *Willingham* cited back to seminal case *Soper*, 270 U.S. at 32-33, explaining that "it was settled long ago that the federal officer, in order to secure removal, need not admit that he actually committed the charged offenses." 395 U.S. at 408 (citing *Soper*, 270 U.S. at 32-33). The state would use Footnote 4 in this case to unfairly increase Agent Morgan's burden. *See e.g.* Doc. 8

4

at 2, 8; Doc. 26 at 23. Citing back to *Soper* (a criminal case), *Willingham* observed in Footnote 4 that, "were this a criminal case, a more detailed showing *might* be necessary because of the more compelling state interest in conducting criminal trials in state court." 395 U.S. at 409, FN 4.[1] However, that footnote does *not* change the Supreme Court's clear commands to credit Agent Morgan's theory of the case or the fact that removal merely requires that Agent Morgan make a "colorable" showing. *See* Doc. 26 at p. 23-24. Footnote 4 – with specific reference back to *Soper*, where a criminal defendant sought removal - merely is a reminder that Agent Morgan who is a criminal defendant (like the criminal defendants in *Soper*) must make a more detailed factual recitation in his pleading or else he runs a risk of summary remand. *Willingham*, 395 U.S. 402 at FN 4.  Agent Morgan has already done just that via detailed factual showing, well beyond mere conclusory assertions, on each and every element for federal officer removal within his petition. *See* Docs. 1 and 2.  Removal is proper.

Even more concerning here is that by arguing that other witnesses may provide evidence via affidavit or declaration, but Agent Morgan cannot, the state attempts to set up a paradigm antithetical to the Bill of Rights.[2]  *See* Doc. 29 at p.4.

---

[1] Footnote 4 also cites the case of *Colorado v. Symes*, 286 U.S. 510, also a case where the federal officer was a criminal defendant in a state criminal case; ultimately, the supreme court determined the petition was insufficiently plead calling it "manifestly incomplete," but permitted the district court to allow an amended petition, if deemed proper. In any event, this case too supports the idea that a criminal defendant should be careful to sufficiently plead to avoid summary remand. Agent Morgan has done that here.

[2] We are highly concerned that all of these efforts by the state, from keeping these witnesses and the Cadillac secret and their continued arguments to raise the bar required of Agent Morgan are driven by the state's clear political

Why would you set a bar for the accused party in a criminal case *higher* than for other witnesses, when ultimately Agent Morgan is presumed innocent and the state has an ultimate burden of proof beyond a reasonable doubt? The state cannot point to a single rule in support of these bald assertions. *See* Doc. 29 at p. 4.

The other reason why the shift is important is because the state continues to unfairly assert that Agent Morgan has a burden of proof by a preponderance of the evidence, but that is not the standard. Doc. 29 at p. 2; Doc. 8 at 7. The preponderance standard has not to our knowledge been applied in *any* Eighth Circuit case where a federal law enforcement officer who is a *criminal* defendant (versus a civil party seeking to claim "federal officer" status by virtue of being a federal contractor, for example) seeks to remove to federal court.

The state cites *In Re Prempro Prods. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010) as the basis for that claim. That case did *not* deal with § 1442 jurisdiction for a federal officer charged as a criminal defendant with a state crime; rather, *In re Prempro* was a civil case having nothing to do with a federal officer. *Id*. Instead, this case involved a fight over whether the district court erred in denying plaintiffs motion to remand to state court after defendant manufacturers successfully removed the case to federal court on the basis of diversity jurisdiction. *Id*. at 619. In that context, the Eighth Circuit explained, "after removal, a plaintiff may move to remand the

---

animus against ICE and the federal administration. *See* Doc. 26 at p. 5, 22. We alerted the state district court judge, as well as this Court, as to these concerns early on. *See* Doc. 13-1 at p. 3.

case to state court and the case should be remanded if it appears that the district court lacks subject matter jurisdiction. The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* at 620. Diversity jurisdiction between civil parties, or motions for remand after diversity jurisdiction has been perfected, have nothing to do with this case where Agent Morgan, a criminal defendant, avails himself of the protection of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), consistent with the federal interests in the prosecution of this matter (Doc. 26).

Dated: July 17, 2026                    **PACYGA TRIAL LAWYERS**

By:    /s/ Ryan M. Pacyga
       Ryan M. Pacyga (#321576)
       860 Blue Gentian Road, Suite 175
       St. Paul, MN 55121
       (612) 339-5844
       *Attorney for Gregory Morgan*