

612-339-5844  |  860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121  |  MNTrialLaw.com

July 30, 2026

**VIA ELECTRONIC FILING**

The Honorable Nancy E. Brasel
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

**Re:** State of Minnesota v. Morgan, Court File No. 0:26-cr-00112-NEB-1

Dear Judge Brasel:

I apologize for having to write regarding a separate, unresolved issue in advance of the August 5 evidentiary hearing — distinct from the Fifth Amendment question the Court resolved today in its Order at Doc. 38. But I have been waiting for an answer from the group of state prosecutors for multiple weeks, and I finally have one.

Weeks ago, I brought up the issue of a mutual protective order to the Hennepin County prosecutor. I did not receive a response. After repeatedly being ignored on that issue, I started to ask for certain things in writing. Beginning July 24, and repeatedly since, the defense has asked the State for their position on a mutual protective order — one that would treat Special Agent Morgan's witnesses, and any documents the defense produces to the State, the **same way** the State's witnesses and documents are treated under the existing state-court protective order (attached). That order requires the State to produce unredacted witness materials concerning T.B. and B.A. under a confidentiality designation, and separately bars defense counsel from revealing their identities "in any other court proceeding, including the corresponding removal proceeding in United States District Court, Case #26-cr-00112-NEB, **absent any additional court order.**" (Order ¶ 4.) The defense has asked, in writing, on multiple occasions, whether the State will agree to comparable treatment for the defense's witnesses and materials. The State has not answered until today. And its answer to reciprocity is "no." The State instead wants to "consider requests for individual witnesses based on articulated needs for that level of protection. That isn't fair, and my efforts to date have been slow walked by the State.

The State's position — to the extent it has articulated one — is that T.B. and B.A. should retain the benefit of Paragraph 4's shield in the removal proceeding, while Special Agent Morgan's witnesses are identified by full name in every hearing. There is no principled basis for that asymmetry. Both sides are presenting evidence at the same evidentiary hearing; the complaining witnesses are not entitled to a form of protection that the defense's witnesses are denied, particularly where, as here, ICE personnel connected to this case have themselves been the target of documented threats and



612-339-5844  |  860 Blue Gentian Rd, Suite 175  |  St. Paul, MN 55121  |  MNTrialLaw.com

harassment. And please bear in mind that Agent Morgan's full name and address were blasted out immediately when the Complaint was filed, along with a host of press conferences by the Hennepin County Attorney, while at the same time the State prosecutors sought, and obtained, an *ex parte* order permitting them to, among other things, conceal the name and all identifying information of the complaining witnesses. This one-sided behavior needs to stop.

The defense respectfully requests that the Court order that T.B. and B.A. be treated like any other witness at the August 5 hearing — that is, identified by their true names on the record, without the benefit of continued anonymity, just as every defense witness will be. The Federal Court now has jurisdiction over this matter, and in addition, the State court protective order also left room for any additional court order, and was the product of a dispute *after* the evidentiary hearing had already been granted. In other words, the State court knew that the federal court may issue its own orders on these issues as the play out, and it left room for the Federal court to do that.

The defense further requests that the Court weigh in on whether a protective order is appropriate for any documents the defense produces to the State prosecutors in connection with this proceeding, on terms comparable to those the State already has for its own materials under the existing order. The defense has asked the State directly for this but the State will not agree to reciprocity. A proposed order is enclosed for the Court's consideration.

The defense raises this now, because the hearing is one week away and these issues bear directly on how witnesses will be presented and examined, as well as how any exhibits and discovery will be produced.

Although there are some disagreements between the parties, I can tell you that we are conferring and reaching agreements where possible, and have made progress on that front regarding a number of exhibits. We will continue to work in good faith.

Thank you for your attention to this matter.

Sincerely,


**Ryan Pacyga**
Pacyga Trial Lawyers


cc: All Counsel of Record