**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **STATE OF MINNESOTA,**<br><br>      **v.**<br><br>**GREGORY DONNELL MORGAN, JR.,**<br><br>          ***Defendant.*** | **No. 26-CR-112 (NEB)** |

**STATE OF MINNESOTA'S RESPONSE TO THE DEFENDANT'S JULY 30 LETTER**

Counsel for defendant Gregory Morgan has filed a letter (ECF No. 39) requesting that this Court abrogate an existing state-court protective order in *State of Minnesota v. Gregory Donnell Morgan, Jr.*, Court Case No. #27-CR-26-9656, and that the Court issue a vague order of its own subjecting material produced by the defense to "protective terms comparable to" those in the state-court order, *see* ECF No. 39-2 (proposed order).  In making this request, the defense misrepresents the State of Minnesota ("State")'s position on the issue and the nature of the communications between the parties.  The State writes to clarify both.

As background, the State in this case previously sought and was granted a prosecutor's certificate in state court to protect the names and other personal identifying information of the Victims in this case, consistent with the rights of crime victims and the State's obligations to victims of crime.  *See, e.g.*, Minn. Stat. Ann. § 611A (Minnesota Victims' Rights Act).  The State followed the standard process for obtaining the certificate, which seeks to protect from disclosure information that "may endanger the integrity of a continuing investigation or subject witnesses or other persons to physical harm or coercion."  Minn R. Crim. P. 9.01, subd. 3(2).  Following subsequent negotiations between the parties, the state court issued a protective order on June 30, 2026, for the State to make additional Victim-related disclosures to the defense.  That state-court

protective order governs certain material produced by the State to the defense and prohibits the defense from revealing "the identities of the protected witnesses in any other court proceeding," including in this Court. ECF No. 39-1. Importantly, the state-court order applies only to the protected witnesses (the Victims) and material concerning those witnesses. *See id.* It does not apply to any other witness the State or the defendant may call in a court proceeding, whether in state or federal court, or to discovery material produced by the State that does not concern the Victims.

In advance of the upcoming evidentiary hearing on removal, counsel for defendant Morgan requested that the State agree to extend the state-court order protections to any and all witnesses the defense may call in a court proceeding, as well as to any and all material the defense may produce to the State. *See* ECF No. 39 at 1. The State sought clarification of that request on multiple occasions, primarily to understand whether the defense desired to present pseudonymous witness testimony at the hearing or to seal the courtroom proceedings. After the defense clarified that it planned for witnesses at the hearing to identify themselves by name, the State informed the defense that it agreed with that approach. Indeed, before the defense filed its July 30 letter with the Court, the State explicitly reiterated that it did not envision pseudonymous testimony from any witness at the removal hearing. The State cited the state-court protective order's prohibition on revealing the Victims' identities absent an additional court order, asked whether the defense would be seeking modification of that order, and offered to provide the State's position on a proposed modified order.

The State could not agree, however, to the blanket protections the defense sought for any and all defense witnesses and materials. Noting that it had set forth witness-specific concerns in support of the state-court protective order—which applies only to the two Victims and not to any

other witness, including law-enforcement witnesses—the State requested that the parties discuss similar protections for individual witnesses based on articulated concerns.  This is a request the State has consistently made in its communications with the defense, along with repeated requests to meet and confer via phone, which the defense has declined.  And the State's approach achieves the parity the defense purports to seek: starting with a baseline presumption against restriction and applying a protective order only where merited by individualized considerations.  The defense has declined to provide any witness-specific bases for its request or to engage in further negotiation and instead sought this Court's intervention.

It is the State's position that any additional protective order in this case should apply on a witness-specific basis, and the State remains open to negotiating a protective order on those grounds.


Dated: July 31, 2026                                    Respectfully Submitted,

                                                        MARY F. MORIARTY
                                                        Hennepin County Attorney

                                                        /s/ *Morgan D. Kunz*
                                                        MORGAN D. KUNZ
                                                        JOSHUA R. LARSON
                                                        HENNEPIN COUNTY ATTORNEY'S OFFICE
                                                        300 S. 6th St.
                                                        Minneapolis, MN 55487
                                                        (612) 348-5550
                                                        Morgan.Kunz@hennepin.us

                                                        /s/ *Julia Gegenheimer*
                                                        JULIA GEGENHEIMER* (D.C. Bar No.
                                                        90034692)
                                                        INSTITUTE FOR CONSTITUTIONAL ADVOCACY
                                                           AND PROTECTION
                                                        Georgetown University Law Center
                                                        600 New Jersey Ave. NW
                                                        Washington, D.C. 20001

3

(202) 661-6539
jg1370@georgetown.edu

*/s/ James I. Pearce*
JAMES I. PEARCE* (D.C. Bar No. 90042280)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
(202) 521-8750
jpearce@washingtonlitigationgroup.org

*Counsel for State of Minnesota*

*\* Admitted pro hac vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, a true and accurate copy of the State of Minnesota's Response to the Defendant's July 30 Letter was filed electronically with the Court's CM/ECF filing system, which will then send notification of such filing to the parties, including:

RYAN M. PACYGA
Ryan Pacyga Criminal Defense
860 Blue Gentian Road
Suite 175
Eagan, MN 55121
612-339-5844
ryan@arrestedmn.com

*Attorney for Defendant*

This 31st day of July, 2026.

/s/ *Julia Gegenheimer*
JULIA GEGENHEIMER* (D.C. Bar No. 90034692)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY
   AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 661-6539
jg1370@georgetown.edu

* *Admitted pro hac vice*

5