

**JOHN MARTI**
**Of Counsel**
**(612) 492-6775**
**FAX (612) 340-2868**
**marti.john@dorsey.com**

July 31, 2026

**<u>VIA ELECTRONIC FILING</u>**

The Honorable Nancy E. Brasel
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

Re:     State of Minnesota v. Morgan, Court File No. 0:26-cr-00112-NEB-1

Dear Judge Brasel:

I have reviewed the Court's Order of July 30, 2026 (Doc. 38) ordering the appearance of my clients at the removal hearing to assert their Fifth Amendment privilege on a question-by-question basis. My clients will be prepared to do so. I write to highlight controlling Eighth Circuit precedent governing the invocation of privilege.

It is well settled that a court must carefully examine the facts to see if testifying may subject a witness to a possible criminal prosecution. *United States v. Washington,* 318 F.3d 845, 856 (8th Cir. 2003). "[C]ourts must sustain the privilege unless it is 'perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken' and his answers 'cannot possibly have such a tendency' to incriminate.'" *United States v. Norman*, 107 F.4th 805, 810 (8th Cir. 2024) (citations omitted). Even where this is no indication that a prosecutor will initiate a prosecution, "the possibility of prosecution alone removes the risk of such from the realm of the imaginary and speculative." *In re Grand Jury Proceedings: Samuelson,* 763 F.2d 321, 324 (8th Cir. 1985), *citing In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974) ("Although the federal government and the states do not appear particularly interested in bringing [charges]…the right to assert one's privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution.").[1]

Where it is unclear whether a witness's testimony may be incriminating, the Court may inquire of the witness directly. *See, e.g., United States v. Allmon*, 594 F.3d 981, 984-87 (8th Cir. 2010) (court inquired directly of witness and compelled testimony after finding Fifth Amendment

---

[1] While courts lack independent authority to confer immunity, testimony compelled over a legitimate assertion of the Fifth Amendment privilege—along with any derivative evidence—is constitutionally inadmissible against the witness in a criminal proceeding, saving only a prosecution for perjury. *See United States v. Kastigar*, 406 U.S. 441 (1972).



The Honorable Nancy E. Brasel
July 31, 2026
Page 2

did not apply to defendant who refused to testify truthfully due to fear of retaliation in prison and reluctance to testify against cousins).

But where it is clear that any response would tend to expose a witness to a possibility of prosecution, the Eighth Circuit has confirmed that an attorney's representation is generally enough—a district court need not compel the witness to take the stand simply to assert the privilege. *See United States v. Warfield*, 97 F.3d 1014, 1019–20 (8th Cir. 1996) (counsel's representation that "the witness would exercise his Fifth Amendment rights if called to testify is sufficient for the district court to refuse to compel that witness to appear"); *United States v. Simmons*, 70 F.4th 1086, 1089 n.2 (8th Cir. 2023) ("**But in most cases** (emphasis added)*, a* counsel's statement" that a witness will invoke privilege is sufficient); *United States v. Smart*, 501 F.3d 862, 866 (8th Cir. 2007) (court conducted hearing with witnesses' attorneys who stated their clients would invoke privilege); *United States v. Preciado*, 336 F.3d 739, 746 (8th Cir. 2003) (affirming Judge Doty who questioned co-defendants' attorneys, and gave defense counsel the opportunity to question attorneys and probe the basis of the asserted privilege); *United States v. Swanson*, 9 F.3d 1354, 1359 (8th Cir. 1993) (affirming Judge Doty who found a valid privilege based on attorney's representation).

Other federal circuits likewise agree: a court may excuse a witness from appearing if a question-by-question inquiry would be futile because the witness can legitimately assert the privilege to virtually every relevant query. *See, e.g., United States v. Gibbs*, 182 F.3d 408, 423 (6th Cir. 1999); *United States v. Sapp*, 721 F. App'x 698, 699 (9th Cir. 2018).

Here, there is no genuine dispute that my clients possess a genuine fear of prosecution that is "substantial and real, and not mere trifling or imaginary." *Washington*, 318 F.3d at 856. By alleging that my clients "targeted" him with "'multiple, aggressive and dangerous swerves," Defendant Morgan effectively accuses them of assault.[2] Notice of Removal, Doc. 1 at 6. The Department of Justice agrees with this characterization, stating that my clients possess a "Fifth Amendment right not to further incriminate themselves." Doc. 36 at 3.

While Defendant Morgan does not dispute the validity of my clients' privilege claim (*see* Doc. 37), he contends that they must invoke privilege from the witness stand.[3] While the Sixth Amendment's Compulsory Process Clause guarantees a criminal defendant the right to call witnesses, that right is not absolute and yields to a witness's Fifth Amendment privilege. *United States v. Blaylock*, 421 F.3d 758, 770 (8th Cir. 2005) ("[I]t is well settled that an accused's right to compulsory process must yield to a witness's Fifth Amendment privilege").

While my clients will be prepared to invoke their privilege at the hearing, I will be prepared to proffer facts already in the record and representations by the Department of Justice

---

[2] Defense counsel previously represented to me that he intended to question my clients regarding the events set forth in the complaint, which questions clearly expose my clients to prosecution.

[3] Defense counsel's efforts to compel my clients onto the witness stand for the sole purpose of invoking privilege suggests that the subpoena may not be aimed at securing viable testimony, but rather at publicizing my clients' identities. Doc. 38 at 2.



The Honorable Nancy E. Brasel
July 31, 2026
Page 3

and Defendant Morgan establishing that my clients' fears of prosecution are fully justified, and that their invocation of privilege is warranted.

Respectfully submitted,

DORSEY & WHITNEY LLP

John Marti
Of Counsel

JM:ae

Cc: All Counsel of Record