

## OFFICE OF THE HENNEPIN COUNTY ATTORNEY
**MARY F. MORIARTY** COUNT Y AT TORNEY

July 31, 2026

Daniel N. Rosen
United States Attorney
District of Minnesota
U.S. Courthouse
300 S. 4th Street
Suite 600
Minneapolis, MN 55415

Re: Federal Use Immunity Request

Dear Mr. Rosen:

We write to request that you seek and obtain use immunity for two witnesses, T.B. and A.B.(the "victim witnesses"), under 18 U.S.C. § 6003.  They are witnesses in a state court prosecution in Minnesota, *State of Minnesota v. Gregory Donnell Morgan, Jr.*, Court Case No. #27-CR-26-9656, which the defendant, Gregory Morgan, is seeking to remove to federal court, *see State of Minnesota v. Gregory Donnell Morgan, Jr.*, 26-CR-112, ECF No. 1 (D. Minn.) (filed June 9, 2026).  That case involves allegations that the defendant, an officer with U.S. Immigration and Customs Enforcement, assaulted the victim witnesses, a driver and passenger in a car, by pointing a gun at them while he was driving in an unmarked vehicle.  *See Minnesota v. Morgan*, 6-CR-112, ECF No. 2.

As you know, 18 U.S.C. § 6003(a) directs a federal district court to issue an order requiring an individual "to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination" when the United States Attorney for the relevant judicial district so requests.  Section 6003(b) further provides that such a request is merited where "the testimony or other information from such individual may be necessary to the public interest" and "such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination."

Obtaining an order under Section 6003 for the victim witnesses is appropriate here.  First, testimony from the victim witnesses is in the public interest, as is reflected in the fact that both the State of Minnesota ("State") and the defendant seek their testimony.  The defendant seeks their testimony in connection with his removal notice.  *See Minnesota v. Morgan*, 6-CR-112, ECF No. 30; *accord id.*, ECF No. 37 (filed July 30, 2026) (defendant's letter to the district court describing the victim witnesses as "necessary witnesses").  Although the State has argued that testimony from the victim witnesses is not needed for purposes of the removal proceedings, *see id.*, ECF 29, the State acknowledges that testimony from the victim witnesses will be necessary at the defendant's trial, whether in state or federal court.

Second, the victim witnesses have invoked their privilege against self-incrimination and declined to testify "unless compelled by court order under a grant of federal immunity." *Id.*, ECF No. 35 at 1. Although neither your office nor other federal prosecutors appear to have initiated an investigation (let alone a prosecution) of the victim witnesses, *see id.* at 3-5, lawyers from the Civil Division's Torts Branch—who recently acknowledged that they "are not prosecutors," *id.*, ECF No. 36 at 3 n.3—have argued that there was probable cause to conclude that the victim witness driving the vehicle committed a felony violation of 18 U.S.C. § 111 that would carry a 20-year maximum sentence. *See id.*, ECF No. 26 at 15. It is understandable that the victim witnesses would intend to invoke their Fifth Amendment privilege against self-incrimination in the face of a threat of potential federal prosecution.

We make this request consistent with past practices of collaboration between state and federal investigators and prosecutors. Because an evidentiary hearing on the defendant's removal notice is scheduled for August 5, 2026, we request that you seek and obtain immunity before that hearing. If you decline to seek immunity under the relevant statutory framework, we intend to take alternative steps under applicable federal or state law to ensure that the victim witnesses will not face meritless federal prosecution for their testimony in this case.

Respectfully submitted,

MARY F. MORIARTY
Hennepin County Attorney