**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 26-cr-112 (NEB)**

---

State of Minnesota,

   Plaintiff,

v.

Gregory Donnell Morgan, Jr.,

   Defendant.

**MOTION FOR AN ORDER DIRECTING THE FULL PRESENTATION OF UNREDACTED EVIDENCE IN OPEN COURT WITH AGENT MORGAN PRESENT & FOR WITNESS IDENTIFICATION BY LEGAL GOVERNMENT NAMES**

---

This case is set for an evidentiary hearing on August 5 and 6, 2026 on Agent Morgan's petition for removal. Doc. 14. This Court has jurisdiction pursuant to 28 U.S.C. § 1455(b)(5). At the evidentiary hearing, Agent Morgan must make a showing that he is a federal officer, acting under color of his office, and that he has a colorable federal defense. However, his ability to make that showing, his ability to fully confront his accusers, and his ability to fully present the case to this Court is curtailed by an existing state court order. *See* Attachment 1 - Order.

The State court order arose out of an *ex parte* application that the Hennepin County prosecutors made. Despite the defense asking for a copy of the application, the defense still has not received a copy of their application. But the Hennepin County prosecutors had previously told defense counsel that they're essentially

worried that the complaining witnesses would be doxed due to the political nature of the case. They had no such concern for Agent Morgan, listing his home address rather than his government address on the criminal complaint. And they continue to have no such concern for Agent Morgan, or any other witnesses, as they have now proffered to the defense discovery that names other witnesses, **except** the two complaining witnesses, who they continue to redact.

The state court order is extraordinary and no longer functional for a federal evidentiary hearing. In present form, it effectively keeps Agent Morgan out of the courtroom on August 5 and 6 and prevents counsel from presenting any evidence to this Court which is covered by the protective order.

Specifically, this order:

- bars defense counsel from bringing unredacted discovery "into the presence of" Agent Morgan, showing or providing unredacted discovery related to T.B. and B.A. to Agent Morgan, and revealing T.B. and B.A.'s identities to Agent Morgan. *See* Attachment 1 - Order at ¶ 2.

- bars defense counsel from bringing such material related to T.B. and B.A. into the presence of *anyone else* (i.e. to include Court and its staff), providing unredacted discovery relating to T.B. and B.A. to *anyone else* (i.e. to include Court and its staff), and bars counsel from

revealing the identities of T.B. and B.A. to *anyone else* (i.e. to include this Court). *See* Attachment 1 - Order at ¶ 3.

- bars defense counsel from revealing T.B. and B.A.'s identities in any other court proceeding, including the removal in United States District Court Case No. 26-cr-112 (NEB), absent any additional court order. Attachment 1 – Order at ¶ 4.

This is not a hypothetical or speculative problem. In fact, a variety of this same problem showed up this afternoon in my email, when I received a batch of the State's proposed exhibits. The State's proposed exhibits are heavily redacted, scrubbing out all identifying information for necessary witnesses T.B. and B.A. -- citing *no federal authority* to do so, only the state protective order.

During omnibus in the state court litigation (where ultimately the defense fought successfully to obtain unredacted discovery) these prosecutors represented to court and counsel that the State did not expect to keep T.B. and B.A. secret for long; rather in advance of T.B. and B.A.'s testimony, the State conceded that it would have to give up their efforts at secrecy and reveal their government names if T.B. and B.A. testified. *See also* Minn. R. Crim. P. 9.01, subd. 3(2). It should be no surprise to the State that the defense would ask that full unredacted evidence be provided this Court, and that this evidentiary hearing operate in the open with complete transparency, including in all witness identification. What the State didn't foresee was that there would be a federal court evidentiary hearing where

3

the Court will hear live witness testimony from witnesses, including necessary witnesses T.B. and B.A. In order to make his showing, Agent Morgan must be able to freely present evidence in an *unredacted* format and question *identifiable* witnesses before this Court, at an open hearing with Agent Morgan present. The State court judge recognized this issue though, which is why the state court order says "...absent any additional court order." *See* Attachment 1 – Order at ¶ 4.

The time for the State's attempts to operate in secret should end now. T.B. and B.A. are both adults. They are the State's complaining witnesses. These witnesses will give highly relevant testimony to the case. The State has offered no authority, save the state court order, that would circumvent ordinary procedures in this case. Agent Morgan seeks to present a complete, unredacted, presentation of evidence in this case in open court with proper identification of all witnesses with all parties present.

The parties all already agree that in this case all witnesses must identify themselves by name. Doc. 39, 40. The State has "explicitly reiterated that it did not envision pseudonymous testimony from any witness at the removal hearing." Doc. 40.  It makes no sense to have redacted evidence, but treat witness testimony any differently.

This is an Article III court in the United States of America – we do not operate in secret courts. And this is a criminal case where Agent Morgan has the right to confront his accusers and to transparent, open court proceedings. *See e.g.*

*Smith v. State of Illinois*, 390 U.S. 129, 131 (1968) (withholding witness identity effectively emasculates the right of cross-examination itself); *Waller v. Georgia*, 467 U.S. 39, 48 (1984) (discussing Sixth Amendment right to public proceedings, presumption of openness). These rights are enshrined in the United States and Minnesota State constitutions, integral to due process rights afforded Agent Morgan under state and federal law.

Therefore, Agent Morgan seeks an order from this Court directing:

(1) that Agent Morgan shall be personally present with defense counsel at the evidentiary hearing and shall be permitted to be in the presence of all evidence;

(2) that all witnesses shall be identified by their legal government names in open court with all parties present;

(3) that defense counsel may present and offer evidence and arguments to this Court, to include any evidence covered by the protective order; and

(4) that this Court and its staff shall be permitted to receive evidence from defense counsel, to include any evidence covered by the protective order.

In addition to that, the Court should consider an order prohibiting the State from offering redacted evidence. The State has not offered any evidence yet, but out of an abundance of caution and to preserve an objection, Agent Morgan objects to redacted evidence and any other attempt to anonymize witnesses in these proceedings.

Dated: August 3, 2026                    **PACYGA TRIAL LAWYERS**

By:   /s/ Ryan M. Pacyga
      Ryan M. Pacyga (#321576)
      860 Blue Gentian Road, Suite 175
      St. Paul, MN 55121
      (612) 339-5844
      *Attorney for Gregory Morgan*