**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 26-cr-112 (NEB)**

---

State of Minnesota,

    Plaintiff,

v.

Gregory Donnell Morgan, Jr.,

    Defendant.

**RULE 16(d)(1) MOTION FOR**
**RECIPROCAL PROTECTIVE**
**ORDER**

---

Defendant Gregory Donnell Morgan, Jr., by and through counsel, respectfully moves this Court, pursuant to its inherent authority to manage the proceedings that come before this Court and Fed. R. Crim. P. 16(d)(1) for a reciprocal protective order governing defense disclosures and defense witnesses.

## BACKGROUND

1. This matter arises from the removal of a state criminal prosecution against Defendant to this Court, with an evidentiary hearing on removal set for August 5 and 6, 2026, under 28 U.S.C. § 1455(b)(5).

2. In the underlying state case, State of Minnesota v. Gregory Donnell Morgan, Jr., Court Case No. 27-CR-26-9656, the State obtained an *ex parte* order through secret proceedings to withhold the identities of witnesses T.B. and B.A.

3. After litigating access unredacted discovery at an omnibus hearing, the state court entered a protective order on June 30, 2026, governing the State's disclosure of unredacted materials concerning T.B. and B.A., restricting defense counsel's use of discovery including in this evidentiary hearing, and separately barring defense counsel from revealing T.B. and B.A.'s identities "in any other court proceeding, including the corresponding removal proceeding in United States District Court, Case #26-cr-00112-NEB, absent any additional court order." To date, the State has not disclosed its *ex parte* application or the *ex parte* order to us, but has explained that T.B. and B.A. had a concern about the possibility of doxing.

3. ***Since at least July 10, 2026***, by written communication, the undersigned had been asking the State prosecutors for a reciprocal protective order, the same way the State had one for its witnesses. Again, ***the same request was made in writing on July 24, 2026***.

4. On July 30, 2026, Defendant wrote to the Court explaining that, despite weeks of requests from defense counsel, the State had not substantively responded to Defendant's proposal for a mutual protective order treating the defense's witnesses and materials the same way as T.B. and B.A., and the State's materials

are treated under the state-court order. ECF No. 39. Defendant asked the Court to order that T.B. and B.A. be identified by their true names at the August 5 and 6, 2026 hearing like any other witness, and to weigh in on reciprocal protection for defense-produced materials. *Id.* at 2.

5. On July 31, 2026, the State filed its response. ECF No. 40. The State confirmed that, after the defense clarified it planned for witnesses at the hearing to identify themselves by name, "the State informed the defense that it agreed with that approach," and that the State "did not envision pseudonymous testimony from any witness at the removal hearing." *Id.* at 2. The State nonetheless declined to agree to reciprocal protective-order treatment for defense witnesses and defense-produced materials generally, proposing instead to "consider requests for individual witnesses based on articulated needs for that level of protection." *Id.* at 3.

6. Later that day, the Court entered a text-only order directing parties to proceed by motion.

## **ARGUMENT**

Rule 16 provides that, at "any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1). Due process requires symmetry

between the parties as to procedural protections that affect a defendant's ability to prepare and present a defense. "[I] the absence of a strong showing of state interest to the contrary, discovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

That principle applies with equal force here where the State has enjoyed the benefit of a protective order, whereas the defense has not. The State has enjoyed a protective order shielding the identities of its own witnesses and controlling the unredacted materials it discloses concerning them. As argued previously, the lack of symmetry affects preparation for and possibly the defense presentation at the evidentiary hearing.

Defense witnesses deserve an equivalent shield. Yet the State has declined to afford any comparable, baseline protection to the defense's own witnesses or to the materials the defense must produce to the State in connection with this proceeding, offering only to "consider requests for individual witnesses based on articulated needs."  Doc. 40 at 3. So they can baldly claim that they're worried about doxing for the complaining witnesses but every defense witness must "articulate needs" that the state will arbitrarily consider?

Federal Rule of Criminal Procedure 16(d)(1) permits protective orders "for good cause" and does not confine that protection to the prosecution alone; a defendant whose witnesses face the same evidentiary hearing, and the same risks

of exposure the State has already invoked to justify its own protective order, is entitled to a like baseline of protection.

Notably, the State's own filing confirms there is no principled basis to withhold this relief. The State does not dispute that a protective order may be warranted for particular defense witnesses; it objects only to applying that protection evenly. Doc. 40 at 3. This request does no more than establish, as a baseline rule, the same confidentiality treatment the State's own witnesses already receive. This is not a one-sided request; it simply makes reciprocal what is otherwise a one-way protective.

Time is of the essence. The evidentiary hearing is this week, and the parties' inability to agree on ground rules for witness identification and document handling bears directly on how each side must prepare its witnesses and exhibits for August 5 and 6. Agent Morgan respectfully requests that the Court resolve this narrow, well-defined dispute in advance of the hearing so that both parties may prepare accordingly.

## RELIEF REQUESTED

For the foregoing reasons, Defendant Gregory Donnell Morgan, Jr. respectfully requests that the Court enter an order:

1. Establishing a reciprocal protective order directing that any discovery, documents, or other materials produced by the defense to the State,

including the identities of any defense witnesses, shall be used exclusively for the evidentiary hearing and shall not be shared outside the prosecution team.

2.  For any other relief as justice requires.

Dated: August 3, 2026                     **PACYGA TRIAL LAWYERS**

                    By:    /s/ Ryan M. Pacyga
                           Ryan M. Pacyga (#321576)
                           860 Blue Gentian Road, Suite 175
                           St. Paul, MN 55121
                           (612) 339-5844
                           *Attorney for Gregory Morgan*